Good morning. May it please the Court, Jonathan Libby appearing on behalf of Appellant Debra Clark, and I intend to reserve about two minutes for rebuttal. Please watch the clock. Absolutely, Your Honor. Your Honors, a simple and straightforward application of this Court's precedence requires that restitution, the restitution that was ordered in this case, be vacated. Case law is clear that restitution is limited to losses actually sustained in the offenses of conviction unless otherwise agreed to by the parties in the plea agreement. There was no plea agreement in this case. So as this Court has said, a court is, and I'm quoting from the May decision, a court is authorized to order restitution for the offense of conviction and not for other related offenses of which defendant was not convicted. So the government argues that the standard is plain error here, and I'd like you to assume for purposes of my question that they're right. I want the fourth prong of the test for plain error is that the error seriously affected the fairness, integrity, or public reputation of the judicial proceedings. Assuming that's the standard, how does this fit into that? Because very simply we have very clear unequivocal case law that says this is what has to be, and here the court simply disregarded the case law. And I mean that's kind of like saying that every error seriously affects the integrity of the proceedings, which can't be the case. Well, and as a result, of course, Ms. Clark was ordered to pay restitution significantly higher than what she was legally obligated to pay. The government, I think, makes the argument that okay, if that's the case, it's still restitution of amounts that she wrongfully got whether it was within the particular count or not, and I think that's their argument for the contention that this doesn't affect the, seriously affect the integrity of the proceedings. What do you have to say about that? Well, Your Honor, I didn't cite the case in our brief. There's a Seventh Circuit case, United States v. Randall, 324 Fed 3rd 550, which analyzed restitution case. It was a bankruptcy fraud case there. Under the plain error analysis, it went through all four prongs and said, look, we require a defendant to pay restitution. I'm sorry. Requiring a defendant to pay restitution when not legally required affects the defendant's substantial rights, and necessarily we must vacate the order to ensure the fairness of the judicial process. It just So you just cited Randall, is that correct? Yes, that's correct, Your Honor. Did you raise it in your brief? No, Your Honor. The government raised plain error in its answering brief. We did not file a reply brief. But is the citation in Randall in front of us at the moment? It is not, Your Honor. I'm happy to provide a 20-H.A. letter this afternoon. That's the proper method to handle newly cited cases. Absolutely. Absolutely, Your Honor. I came across the case last night, so I'm happy to file a 20-H.A. letter this afternoon. Very well. So do you disagree that the standard is plain error? The case, in our case of Yijun Zhou, if I'm pronouncing that correctly, they seem to say pretty clearly that challenges to restitution orders made for the first time on appeal are reviewed for plain error. Well, the Zhou case is very different from this case. There absolutely was no objection made to restitution in the district court. Here there was. The defendant did, in fact, object to the order of restitution that was recommended in the pre-sentence report. That was on a different ground, though. It was on a different ground. I certainly concede that point. But it still was on – there still was an objection to the restitution as being an improper amount. And the defendant argued that it should be. So you're saying any – any challenge on any ground, any argument as to restitution would mean that a different argument is not plain error? Well, Your Honor, this – this court has a line of cases where it says that it is claims that are deemed waived or forfeited, not arguments. Earlier this year in a case, United States v. Walton, that happened to deal with whether a violent felony qualified under the Armed Career Criminal Act. And there it was a similar situation where, on appeal, the defense raised a different argument than had been presented – than had been presented below. And this court said plain error does not apply. And what this court said specifically, and I'll quote, the government nevertheless argues for plain error review because Walton failed to raise the claim advancing his opening brief before the district court. This is incorrect. Walton argued below that he did not have the required number of violent felonies necessary for enhancement under ACCA. And while he did not make the precise arguments that he makes on this appeal, it is claims that are deemed waived or forfeited, not arguments. Was any argument made about restitution in the district court here? Yes, Your Honor. The argument was made – the alternative argument that was made is that, in fact, she had actually – of the money she received, she had provided much of that money to her children and to her parents on behalf of her children, and that, therefore, the restitution that should have been paid should have been $17,977.91. That's on pages 74 to 75 of the excerpts. So she had, in fact, objected to an order of restitution that the – that had been proposed in the presents report. It doesn't sound like very similar to the quote that you read from the case about the violent felonies. In other words, it's a completely different ground. Well, what happened in the Walton case, it was a completely different ground. I mean, the objection that had been made in the district court was that ACCA didn't apply and on Well, no, I guess my point is it sounds like, from what you quoted from the excerpts of the record in this case, the argument wasn't that the district court couldn't give the restitution. It's that the district court shouldn't impose the restitution because the money had been used for other things. Now you're arguing couldn't as opposed to shouldn't. It strikes me as different. No, I see your point, Your Honor, and that's certainly true, though the argument was that it should not have been a particular amount of restitution, that it should have been less than what had been proposed by the probation officer. Counsel, just so I understand, your contention is that the proper amount of restitution should have been three times $1,225 plus the $37,500, for about $40,000? Yeah, the $37,000 included one of the $1,225, so there should have been $40,036. Right. Oh, correct. Instead of the $112,000. That it should have been limited to the exact amount that had been charged in the indictment itself. Very well. Did you want to say? Unless the Court has additional questions, I will reserve the balance. Thank you. Okay. We'll hear from the government. Good morning, Your Honors, and may it please the Court. Ashley Aul for the United States. This is a case about plain error review, and in order to establish plain error review, defendant bears the burden to demonstrate both a clear or obvious error and a serious Defendant can establish neither of those. He cannot establish, pardon me, she cannot establish the former under Joe, and she cannot establish the latter under Cotton. And Judge Kennelly, to go to your question, Cotton forecloses a finding of plain error under the fourth prong here. Cotton cited on our brief. Cotton is a Supreme Court case that procedurally is very, very similar to what we face here. Cotton was a case after Apprendi, in which a defendant claimed that because the indictment did not properly plead a drug quantity, that he could not be subject to a mandatory minimum based on a finding that the district court made at sentencing. It came up to the Fourth Circuit, and the Fourth Circuit found plain error. The government, in fact, conceded clear or obvious error in that case under Apprendi, of course. It got to the Supreme Court, and the Supreme Court reversed under the fourth prong alone. And what they, what the Supreme Court reasoned was there was no serious impact on the fairness, integrity, or public reputation of judicial proceedings here. The evidence was overwhelming as to this particular drug quantity. And so it didn't matter whether or not a defendant was prejudiced or that the error was even clear or obvious, which, again, the government conceded there, because the evidence was overwhelming that this was the actual drug quantity at issue. But what about our cases like May and the Supreme Court case in Huey that we look to the text of the indictment to determine the offense of conviction? No, I think the framework is slightly different. I mean, that's establishing the law that should have been applied. Correct, Your Honor. I would state the framework slightly differently, because Apprendi doesn't apply here, of course. So we're not strictly limited to the indictment in quite the way we would be if Apprendi were to apply. However, my reading of the cases is that what we're limited to is the specific conduct underlying the offenses of conviction. I believe that's what Huey and May, Huey says and then May adopts it. What we have in this case and what I think distinguishes this from those cases is the defendant's conduct is a single course of conduct that she admitted that led to the losses in conviction. But that wasn't pleaded in the indictment. That wasn't stated in the indictment. I mean, in Joe, we look only at the words in the indictment. In fact, the dissent in Joe said, well, you should look at what the course of conduct was before the court. But the majority says, no, we will look at the specific language in the indictment and it says, or anywhere, somewhere else. And that was enough. So why aren't we bound by the specific language in the indictment here? With respect, particularly to a clearer view, Your Honor, I agree. We are facing the converse of what happened in Joe. In Joe, there was a broader indictment and then a narrower admission at the plea. Here we have three particular counts and then a very broad admission at the time of the plea and at later findings and sentencing. And because the threshold is the conduct underlying the counts of conviction, here I submit that we do not clearly and obviously have a deficient record with respect to the conduct underlying those counts. Again, that's the conduct that defendant admitted. And frankly, her conduct isn't really divisible between the counts at all. Something that also distinguishes Baker and Huey is that in those cases, there was a multiple count indictment that involved different categories of conduct across different counts. So in Huey, for instance, there were multiple credit cards. The defendant ultimately pleaded only to having misused one credit card. And what the Supreme Court held is it was improper to order restitution with respect to other credit cards because that, of course, involved different conduct that did not underlie the particular count to which the defendant pleaded. We don't have, well, first of all, defendant pleaded guilty to everything here. Second of all, there isn't the same kind of divisible. I thought she pleaded guilty to everything, meaning the specific counts. The court says, are you pleading guilty because you did the things charged in the indictment, and the defendant said yes. So the defendant pleaded guilty only to what was charged in the indictment, which was specific checks. Specific deposits on specific days. And again, there's no doubt that the loss here is tied to an element of the offense, right? We don't have the problem that this court addressed in Reed where we're looking at related conduct in a broader guidelines type way. We're talking about the conduct that underlies those offenses of conviction. The only thing that distinguishes the losses related to counts one through three from the total losses is just that there were additional deposits. Defendant's conduct was exactly the same. Looking to the joint statement, looking to the PSR, there's no difference in what the defendant did. But there's no pattern or policy or conspiracy that's an element of this theft of government property. So that exception doesn't apply. Interestingly, Your Honor, that goes to the definition of victim. So under the MVRA, if you want to. Right, but we've made that as an exception, right, in Seaman and other cases. Absolutely. But the exception applies when you need to assess whether or not there are additional victims. There's only a single victim here. So we're not even statutorily in the area where we would look necessarily. We don't even look at a pattern or practice here. So what we're looking to is just the conduct. And I would submit that particularly under clear review, the conduct that defendant admitted in this case is not clearly or obviously deficient under this court's precedence. How can you admit conduct beyond that charge in the indictment? Because Apprendi doesn't apply. If Apprendi were to apply, then certainly you would be bound by what was pleaded and admitted with respect to an element of the offense. But we're in this area here where there are certainly limitations on what a court can look at under Huey and under the MVRA, but it is not a strict application of Apprendi. The government is definitely not limited to what is specifically pleaded in the indictment  In the original indictment, the government charged these other offenses, so the full amount, and then dropped the two of those claims, right? I believe in the original indictment there was some additional misrepresentation claims and then different deposits. Yeah, but it's the same amount, the 37,586. I believe that's correct. I don't have to remind you. 37,705, 37,705, and then those were dropped. So the superseding indictment is limited to those four counts that you're then pleaded guilty to. That's correct, but again, it's a little bit of a strange environment because that Apprendi doesn't apply does mean there is more play with respect to what can be proven at sentencing. There's no doubt that, for instance, when you're looking at, say, consequential damages that brought in restitution, that those don't have to be pleaded in the indictment. And so it can't be the test that just because it's not pleaded in the indictment that a defendant can't be ordered restitution under the MVRA. That would be a backdoor way of getting to the Apprendi case. Right, so Apprendi really is irrelevant here. We're bound by the statute in our case law, which says, in the Supreme Court case law, which says restitution is limited to, I think, the conduct that was the specific conduct that is the basis of the offensive conviction, and there's only those ones listed in the indictment, so I don't see how Apprendi helps you here. Apprendi helps only insofar as it doesn't apply, and not affirmatively. Here, again, I would say there is no case that addresses a factual situation, a procedural situation like this one, where a defendant admits in connection with her guilty plea a set of conduct that is identical with respect to the three counts to which she pleads guilty, and with respect to the total amount of restitution that ultimately she's ordered to pay to a single victim. It's the inverse of Joe, but because there is no precedent that demonstrates clear, obvious error, defendant cannot establish plain error. But moreover, even if she could, she cannot get past Cotton, and so I would urge the court to affirm with respect to the fourth prong of plain error, if not to the second. Very briefly, with respect to whether or not plain error applies, we're in a situation that is somewhat akin to the difference between a procedural and a substantive challenge to a sentence. Defendants certainly challenge the particular amount of restitution in the same way that a defendant can ask for a particular sentence, but there was no procedural challenge to the authority of the court to impose restitution, no challenge anchored to the MVRA at all. Walton, which counsel decided, I was counsel in Walton, and in Walton, there was a challenge to the number of predicates under ACCA. What shifted was the arguments in favor of there being the wrong number of predicates under ACCA. Here, there was never any challenge under the MVRA, and so even assuming that the claims versus arguments distinction is relevant here, this would be a new claim to which plain error review applies. And if the court has no further questions, I will submit. Apparently not. Thank you. Thank you. Your Honors, what the government is essentially arguing here is the argument that the Supreme Court rejected in Huey. There, the Fifth Circuit had held that the statute permitted restitution beyond the offense of conviction, quote, when there is a significant connection between the crime of conviction and similar actions justifying restitution. The Supreme Court rejected that very argument and said, the restitution must be tied to the specific offenses of conviction. Well, what about the Apprendi or the non-Apprendi argument that you're hearing from the government? Well, Apprendi doesn't apply here whatsoever. We're dealing with the specific offenses of conviction. The offenses of conviction charge specific deposits on specific dates in counts one, two, and three. The government could have charged, and Ms. Clark could have then pled guilty, to multiple additional counts applying all of this conduct. And as Judge Okuda had noted in the original indictment, in fact, the government had charged two additional counts regarding Social Security fraud that applied to 37,705 on behalf of each child. Had those been part of the first superseding indictment that Ms. Clark pled to, then there wouldn't be any issue here. Then clearly that would have covered those amounts. But that's not what was charged here. And so Ms. Clark should not be obligated. Can we take into account that difference between the first and second indictments? Well, I think Your Honors can certainly look to the fact that I'm not sure why the government dropped those two additional counts. I think Ms. Clark would have pleaded guilty. I mean, she pleaded guilty to the entire indictment. So I have no doubt that she would have pleaded guilty to those additional counts had they been part of the indictment that she was pleading guilty to. The only issue is here the government is asking that relevant conduct, which applies to the loss calculation, also be applied to restitution. And that's simply not the law. So unless the Court has additional questions. Okay. We thank both parties for their argument. In the case of the United States, Deborah Clark is submitted.
judges: O'scannlain, Ikuta, Kennelly